*NOLTE & CO. vs. THEIR CREDITORS.*

A minor has a mortgage on the property of a person, who intermeddles with his *tate.*

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. In this case, opposition was made to a tableau of distribution of the estate of the insolvents by the tutor of the minor children and heirs of Thomas L. Harman, deceased, on the ground, that they are creditors to a greater amount than that for which they were placed on said tableau, and allege, that they are entitled to be paid the sum by them claimed, as privileged creditors, &c. The judgment of the court below fixed the amount of their credit, but refused to accord any privilege, from which they appealed.

By the pleadings in the cause, two questions of privilege or preference are raised. The first relates to a legal or tacit mortgage, which is claimed on all the property of the insolvents: the second, to a lien on a lot of ground, which is alleged to have been paid for with the funds of the appellants, and made a part of the credit estate. The privilege claimed, in reference to the whole estate of the insolvent, is said to be founded on the 3283d art. of the Louisiana Code, which establishes a legal mortgage on the property of persons, who, without being appointed tutors and curators of moneys, &c. interfere in the administration of their property. There is no ambiguity in the expression of the law. Its application must, in all cases, depend on proof of facts to establish such meddling with the property of minors, as amounts to an interference in administration. In the present case, the evidence shows, that Vincent Nolte & co. used a part of the funds of the succession, belonging to the minors, for their own benefit. Whether this use and application of the property of the latter were made by a single act or many, cannot alter the disposition of the code, to secure the interest of those who are considered as incapable of managing their

Eastern District.
*December*, 1829.

NOLTE & CO.
*vs.*
THEIR CRED'RS.

own affairs, by allowing a tacit mortgage on the property of intermeddlers.

The estate of the ancestor of the minors, in whose behalf a legal mortgage is now claimed on the property of the insolvents, was under administration by his testamentary executors; and it is alleged, in favour of the mass of creditors, that the interference of V. Nolte & co. was authorised by them, or that, at least, they subsequently sanctioned and confirmed the acts of the interferors. We are of opinion, that the evidence in the cause does not support either of these allegations. There is no proof, whatever, of authority given by the executors, previous to the transaction by which the funds of the minors were diverted to the use of the persons who intermeddled in the administration of their estate; and the notarial act, by which a mortgage on the property of Jourdan, who had profited by the divertion of these funds, was released, does not appear to have been made, in reference to the transaction which took place between him and V. Nolte & co. They must, therefore, be considered as having interfered in the administration of property, belonging to the minor heirs of Thomas L. Harman, who, according

to the article of the code above cited, have a legal mortgage on the estate of the insolvents, and should be paid out of it by privilege and preference, in pursuance of such mortgage.

This view of the case (it is presumed) renders unnecessary any enquiry relative to the privilege, claimed on the lot which is said to have been purchased with the funds of the minors.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the appellants be placed on the tableau of distribution of the insolvents, for the sum of seven thousand four hundred and sixty-one dollars 83-100, as creditors, having the privilege and preference accorded by a legal mortgage, in pursuance of the 3283d article of the Louisiana Code: the insolvents' estate to pay costs, &c.

*Grymes* for the plaintiffs, *Peirce* and *Eustis* for the defendants.